AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

14 MAY 16 AM 10: 08

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| Guadalupe Gutierrez -1 | Case Number: 13-cr-02793-JAH-1 |
| | Alex L Landon |
| | Defendant's Attorney |

**REGISTRATION NO.** 42187198

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) One of the Superseding Information.
☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:922(q)(2)(A); 28-2461(c) | Possession of a Firearm in a School Zone | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
☐ The defendant has been found not guilty on count(s)
☒ Count(s) remaining _____ is ☒ are ☐ dismissed on the motion of the United States.
☒ Assessment: 100.00.

☒ No fine     ☒ Forfeiture pursuant to order filed __5/12/14__, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 12, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 4

DEFENDANT: Guadalupe Gutierrez -1
CASE NUMBER: 13-cr-02793-JAH-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Sixty months.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the Residential Drug Abuse Program and that custody be served in California.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

13-cr-02793-JAH-1

AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __4__

DEFENDANT: Guadalupe Gutierrez -1
CASE NUMBER: **13-cr-02793-JAH-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
Three years.

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO    (Rev. 9/00) Judgment in a Criminal Case Sheet 3               Judgment—Page 4 of 4
— Continued 2 — Supervised Release

Defendant: Guadalupe Gutierrez

CASE NUMBER: 13-cr-02793-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall submit to search of your person, property, residence, abode or vehicle, conducted by the probation officer, or any law enforcement officer, at any time of the day or night, with or without a warrant, and with or without reasonable or probable cause. Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition. (4th Waiver)

2. Shall not associate with any member, prospect, or associate of the (Mexican Mafia, Surenos, San Ysidro), or any other gang, or club with a history of criminal activity, unless given permission by the probation officer.

3. You shall not wear or possess any paraphernalia, insignia, clothing, photographs, or any other materials associated with a gang, unless given permission by the probation officer.

4. You shall not loiter, or be present in locations known to be areas where gang members congregate, unless given permission by the probation officer; and shall not be present in any gang gathering areas specified by the probation officer.

5. You shall not appear at any Court building, including the lobby, hallway, courtroom or parking lot, unless he/she is a party, defendant or subpoenaed as a witness to a court proceeding.

6.

7. Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13cr2793-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| GUADALUPE GUTIERREZ, | |
| Defendant. | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States seeks forfeiture of all right, title and interest in specific properties of the above-named Defendant, GUADALUPE GUTIERREZ ("Defendant"), pursuant to 28 U.S.C. § 2461(c), as properties in violation of 18 U.S.C. § 922(q)(2)(A), as charged in the Superseding Information; and

WHEREAS, on or about February 6, 2014, the Defendant pled guilty before Magistrate Judge Bernard G. Skomal to the Superseding Information; and

WHEREAS, on March 4, 2014, this Court accepted Defendant's guilty plea; and

WHEREAS, by virtue of the facts set forth in the Plea Agreement and Forfeiture Addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

//

//

1  WHEREAS, by virtue of said guilty plea, the United States is now entitled to
2  possession of said properties, pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. §§ 853(a)(1)
3  and (a)(2), and 28 U.S.C. § 2461(c); and

4  WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
5  authority to take custody of the following properties which were found forfeitable by the
6  Court, namely:

7  **(1)  One Ruger GP-100 .357 caliber handgun, Serial No. 17232328; and**
8  **(2)  Six (6) rounds of .357 caliber ammunition; and**
9

10  WHEREAS, the United States, having submitted the Order herein to the Defendant
11  through his attorney of record to review, and no objections having been received;

12  Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

13  1.  Based upon the guilty plea of the Defendant, the United States is hereby
14  authorized to take custody and control of the following assets, and all right, title and
15  interest of Defendant in the following properties are hereby forfeited to the United States
16  for disposition in accordance with the law, subject to the provisions of
17  21 U.S.C. § 853(n):

18  **(1)  One Ruger GP-100 .357 caliber handgun, Serial No. 17232328; and**
19  **(2)  Six (6) rounds of .357 caliber ammunition.**
20

21  2.  The aforementioned forfeited assets are to be held by the Bureau of Alcohol
22  Tobacco and Firearms ("ATF") in its secure custody and control.

23  3.  Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to
24  begin proceedings consistent with any statutory requirements pertaining to ancillary
25  hearings and rights of third parties.

26  4.  Pursuant to the Attorney General's authority under 21 U.S.C. § 853(n)(1),
27  Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for
28  Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith

shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that is the subject of the Preliminary Order of Criminal Forfeiture.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: May 12, 2014

Hon. JOHN A. HOUSTON
United States District Judge